MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ESTHER DE LOS SANTOS GALVEZ (A.K.A
ITZAYANA DE LOS SANTOS) , *individually*
*and on behalf of others similarly situated,*

                         *Plaintiff,*

          -against-

1679 THIRD AVENUE REST CORP.  (D/B/A
THE DISTRICT), And JOHN MACKEY,
                        *Defendants.*
---------------------------------------------------------X

                       **COMPLAINT**

    **COLLECTIVE ACTION UNDER 29**
         **U.S.C. § 216(b)**

           **ECF Case**

Plaintiff Esther De Los Santos Galvez (a.k.a Itzayana De Los Santos)  ("Plaintiff De Los Santos" or "Ms. De Los Santos"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace Esq., upon her knowledge and belief, and as against 1679 Third Avenue Rest Corp. (d/b/a The District), ("Defendant Corporation"), And JOHN MACKEY, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiff De Los Santos is a former employee of Defendants 1679 Third Avenue Rest Corp. (d/b/a The District), And JOHN MACKEY.

2.      Defendants own, operate, or control a Contemporary American Restaurant, located at 1679 Third Avenue, New York, New York 10128 under the name "The District".

3.     Upon information and belief, individual Defendant John Mackey , serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff De Los Santos was an employee of Defendants.

5.      Plaintiff De Los Santos was employed as a food preparer at the restaurant located at 1679 Third Avenue, New York, New York 10128.

6.      At all times relevant to this Complaint, Plaintiff De Los Santos worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hour's compensation for the hours that she worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff De Los Santos appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff De Los Santos the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.      Defendants' conduct extended beyond Plaintiff De Los Santos to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De Los Santos and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.     Plaintiff De Los Santos now brings this action on behalf of herself , and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff De Los Santos seeks certification of this action as a collective action on behalf of herself , individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff De Los Santos's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Contemporary American Restaurant located in this district. Further, Plaintiff De Los Santos was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Esther De Los Santos Galvez (a.k.a Itzayana De Los Santos)  ("Plaintiff De Los Santos" or "Ms. De Los Santos") is an adult individual residing in Bronx County, New York.  Plaintiff De Los Santos was employed by Defendants at "The District" from approximately June 2021 until on or about September 19, 2024.

16.     Plaintiff De Los Santos consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a Contemporary American Restaurant, located at 1679 Third Avenue, New York, New York 10128under the name "The District".

18.     Upon information and belief, 1679 Third Avenue Rest Corp. (d/b/a The District) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1679 Third Avenue, New York, New York 10128.

19.     Defendant John Mackey is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Mackey is sued individually in his capacity

as owner, officer and/or agent of Defendant Corporation. Defendant John Mackey possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff De Los Santos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

20.    Defendants operate a Contemporary American Restaurant located in the Upper East side section of Manhattan in New York City.

21.    Individual Defendant, John Mackey , possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

22.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.    Each Defendant possessed substantial control over Plaintiff De Los Santos's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff De Los Santos, and all similarly situated individuals, referred to herein.

24.    Defendants jointly employed Plaintiff De Los Santos (and all similarly situated employees) and are Plaintiff De Los Santos's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.    In the alternative, Defendants constitute a single employer of Plaintiff De Los Santos and/or similarly situated individuals.

26.    Upon information and belief, Individual Defendant John Mackey  operates Defendant Corporation as either an alter ego of  himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

- 4 -

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Plaintiff De Los Santos's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff De Los Santos, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff De Los Santos's services.

28.     In each year from 2021 to 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

### *Individual Plaintiff*

30.     Plaintiff De Los Santos is a former employee of Defendants who was employed as a food preparer .

31.     Plaintiff De Los Santos seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### *Plaintiff Esther De Los Santos Galvez (a.k.a Itzayana De Los Santos)*

32.     Plaintiff De Los Santos was employed by Defendants from approximately June 2021 until on or about September 19, 2024.

33.     Defendants employed Plaintiff De Los Santos as a food preparer .

34.     Plaintiff De Los Santos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35.     Plaintiff De Los Santos's work duties required neither discretion nor independent judgment.

36.     Throughout her employment with Defendants, Plaintiff De Los Santos regularly worked in excess of 40 hours per week.

37.     From approximately June 2022 until on or about mid-July 2024, Plaintiff De Los Santos worked 36 to 45 hours four days a  week under her name and 30 to 35 hours three days a week using  the name Itzayana  De Los Santos (typically 66  to 80 hours per week).

38.     From approximately mid-July 2024 until on or about mid-August 2024, Plaintiff De Los Santos worked 28 to 36 hours four days a week under her name and 30 to 35 hours three days a week  using the name Itzayana De Los Santos (typically 58 to 71 hours per week).

39.     From approximately mid-August 2024 until on or about the end of August 2024, Plaintiff De Los Santos worked 28 to 36 hours four days a week using her name and 13 to 14 hours two days a week using the name Itzayana De Los Santos (typically 41 to 50 hours per week).

For the month of September 2024, Plaintiff De Los Santos worked 28 to 36 hours four days a week using her name and 30 to 35 hours three days a week using the name Itzayana de Los Santos (typically 58 to 71 hours per week).

40.     From approximately June 2021 until on or about September 19, 2024, Defendants paid Plaintiff De Los Santos her wages by two different checks, one under the name Ester De LosSantos and the other using the name ItzayanaDeLos santos.

- 6 -

41.     From approximately June 2021 until on or about June 2022, Defendants paid Plaintiff De Los Santos $17 per hour for the hours entered under her name Esther De Los Santos.

42.     From approximately July 2022 until on or about September 19,  2024, Defendants paid Plaintiff De Los Santos $20 per hour for the hours entered under her name Esther De Los antos.

43.     From approximately June 2022 until on or about September 19, 2024, Defendants paid Plaintiff De Los Santos $19 per hour for the hours she entered under the name Itzayana De Los Santos.

44.     Plaintiff De Los Santos's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

45.     For example, Defendants repeatedly required Plaintiff De Los Santos to work different amounts of additional time past her scheduled departure time, and did not pay her for the additional time she worked.

46.     in order to get paid for all the hours she worked, Plaintiff De Los Santos was required to punch under different names and codes into the time recording system

47.     Specifically, Defendants required Plaintiff  De Los Santos  to punch part of her hours under the name Ester and the rest of the hours under the name Itzayana.

48.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff De Los Santos regarding overtime and wages under the FLSA and NYLL.

49.     Defendants did not provide Plaintiff De Los Santos an accurate statement of wages, as required by NYLL 195(3).

50.     In fact, Defendants adjusted Plaintiff De Los Santos's paystubs so that they reflected inaccurate wages and hours worked.

51.     Specifically, Plaintiff De Los Santos  would receive one paystub under her name Esther and the other paystub under Itzayana, the false name Defendants required her to use to hide the overtime hours they required her to work each week.

52.     Defendants did not give any notice to Plaintiff De Los Santos, in English and in Spanish (Plaintiff De Los Santos's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53.     Defendants never granted Plaintiff De Los Santos any meal period or break of any kind.

### *Defendants' General Employment Practices*

54.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De Los Santos (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate spread of hours pay and overtime compensation as required by federal and state laws.

55.     Plaintiff De Los Santos was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

56.     Defendants habitually required Plaintiff De Los Santos to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

57.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

58.     Defendants' time keeping system did not reflect the actual hours that Plaintiff De Los Santos worked.

59.     Plaintiff De Los Santos was paid her wages in the form of two separate checks written to two different individuals.

60.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff De Los Santos (and similarly situated individuals) worked, and to avoid paying Plaintiff De Los Santos properly for her full hours worked.

62.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff De Los Santos and other similarly situated former workers.

64.     Defendants failed to provide Plaintiff  De Los Santos and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65.     Defendants failed to provide Plaintiff De Los Santos and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66.     Plaintiff De Los Santos brings her FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67.     At all relevant times, Plaintiff De Los Santos and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

68.     The claims of Plaintiff De Los Santos stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

69.     Plaintiff De Los Santos repeats and realleges all paragraphs above as though fully set forth herein.

70.     At all times relevant to this action, Defendants were Plaintiff De Los Santos's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff De Los Santos (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

71.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29

U.S.C. § 203 (r-s).

73.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff De Los Santos (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74.    Defendants' failure to pay Plaintiff De Los Santos (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75.    Plaintiff De Los Santos (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### *VIOLATION OF THE OVERTIME PROVISIONS*
### *OF THE NEW YORK STATE LABOR LAW*

76.     Plaintiff De Los Santos repeats and realleges all paragraphs above as though fully set forth herein.

77.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff De Los Santos  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78.    Defendants' failure to pay Plaintiff De Los Santos overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

79.    Plaintiff De Los Santos was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

80.     Plaintiff De Los Santos repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants failed to pay Plaintiff De Los Santos one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff De Los Santos's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

82.     Defendants' failure to pay Plaintiff De Los Santos an additional hour's pay for each day Plaintiff De Los Santos's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

83.     Plaintiff De Los Santos was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

84.     Plaintiff De Los Santos repeats and realleges all paragraphs above as though fully set forth herein.

85.     Defendants failed to provide Plaintiff De Los Santos with a written notice, in English and in Spanish (Plaintiff De Los Santos's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

86.     Defendants are liable to Plaintiff De Los Santos in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

87.      Plaintiff De Los Santos repeats and realleges all paragraphs above as though fully set forth herein.

88.      With each payment of wages, Defendants failed to provide Plaintiff De Los Santos with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

89.      Defendants are liable to Plaintiff De Los Santos in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff De Los Santos respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De Los Santos and the FLSA Class members;

(c)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff De Los Santos's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff De Los Santos and the FLSA Class members;

(e)     Awarding Plaintiff De Los Santos and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff De Los Santos and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De Los Santos;

(h)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff De Los Santos;

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff De Los Santos's compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the provisions of the NYLL and the spread of hours wage order are willful as to Plaintiff De Los Santos;

(k)     Awarding Plaintiff De Los Santos damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l)     Awarding Plaintiff De Los Santos damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff De Los Santos liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)      Awarding Plaintiff De Los Santos and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff De Los Santos and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff De Los Santos demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        February 5,2025

MICHAEL FAILLACE ESQ.

By:      /s/ Michael Faillace
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiff*