UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X    Case No.:  1:25-cv-01056

ESTHER DE LOS SANTOS GALVEZ (A.K.A
ITZAYANA DE LOS SANTOS), *individually
and on behalf of others similarly situated,*

                              Plaintiff,                              **DEFENDANTS' ANSWER**
                                                                     **TO PLAINTIFF'S**
          v.                                                         **COMPLAINT**

1679 THIRD AVENUE REST CORP. (D/B/A
THE DISTRICTS), And JOHN MACKEY,

                              Defendants.
---------------------------------------------------------------------X

          Defendants 1979 Third Avenue Rest Corp. d/b/a The District and John Mackey

(collectively, the "Defendants"), by their counsel, Kaufman Dolowich LLP, as and for their

Answer to the complaint (the "Complaint") of Plaintiff Esther De Los Santos Galvez a.k.a Itzayana

De Los Santos ("Plaintiff") set forth the following:

### AS AND FOR AN ANSWER TO THE PARAGRAPH OF THE COMPLAINT TITLED "NATURE OF THE ACTION"

1.      Defendants deny the allegations set forth set forth in the Paragraph "1" of the
Complaint.

2.       Defendants deny the allegations set forth set forth in the Paragraph "2" of the
Complaint.

3.      Defendants deny allegations set forth in Paragraph "3" of the Complaint.

4.      Defendants deny the allegations set forth in Paragraph "4" of the Complaint.

5.      Defendants deny the allegations set forth in Paragraph "5" of the Complaint.

6.      Defendants deny the allegations set forth in Paragraph "6" of the Complaint.

7.      Defendants deny the allegations set forth in Paragraph "7" of the Complaint.

8.      Defendants deny the allegations set forth in Paragraph "8" of the Complaint.

9.     Defendants deny the allegations set forth in Paragraph "9" of the Complaint.

10.     Defendants deny the allegations set forth in Paragraph "10" of the Complaint.

11.     Defendants neither admit nor deny the allegations set forth in Paragraph "11" of the Complaint as they consist of legal conclusions to which no response is required.

12.     Defendants deny the allegations set forth in Paragraph "12" of the Complaint.

## AS AND FOR AN ANSWER TO THE PARAGRAPH OF THE COMPLAINT TITLED "JURISDICTION AND VENUE"

13.     Defendants neither admit nor deny the allegations set forth in Paragraph "13" of the Complaint as they consist of legal conclusions to which no response is required.

14.     Defendants deny the allegations set forth in Paragraph "14" of the Complaint.

## AS AND FOR AN ANSWER TO THE PARAGRAPH OF THE COMPLAINT TITLED "PARTIES"

15.     Defendant deny allegations set forth in Paragraph "15" of the Complaint.

16.     Defendants neither admit nor deny the allegations set forth in Paragraph "16" of the Complaint as they consist of legal conclusions to which no response is required.

17.     Defendants deny the allegations set forth in Paragraph "17" of the Complaint.

18.     Defendants admit the allegations set forth in Paragraph "18" of the Complaint.

19.     Defendants deny the allegations set forth in Paragraph "19" of the Complaint.

## AS AND FOR AN ANSWER TO THE PARAGRAPH OF THE COMPLAINT TITLED "FACTUAL ALLEGATIONS"

20.     Defendants deny the allegations set forth in Paragraph "20" of the Complaint.

21.     Defendants deny the allegations set forth in Paragraph "21" of the Complaint.

22.     Defendants deny the allegations set forth in Paragraph "22" of the Complaint.

23.     Defendants deny the allegations set forth in Paragraph "23" of the Complaint.

24.     Defendants deny the allegations set forth in Paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in Paragraph "25" of the Complaint.

26. Defendants deny the allegations set forth in Paragraph "26" of the Complaint including in subparts (a) through (g).

27. Defendants deny allegations set forth in Paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in Paragraph "28" of the Complaint.

29. Defendants deny the allegations set forth in Paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

31. Defendants neither admit nor deny the allegations set forth in Paragraph "31" of the Complaint as they consist of legal conclusions to which no response is required.

32. Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in Paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in Paragraph "34" of the Complaint.

35. Defendant deny the allegations set forth in Paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in Paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in Paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in Paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in Paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in Paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

46.    Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

47.    Defendants deny the allegations set forth in Paragraph "47" of the Complaint.

48.    Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

49.    Defendant deny the allegations set forth in Paragraph "49" of the Complaint.

50.    Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51.    Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

52.    Defendant deny the allegations set forth in Paragraph "52" of the Complaint.

53.    Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54.    Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

55.    Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

56.    Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57.    Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

58.    Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59.    Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

60.    Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

61.    Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

62.    Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63.    Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64.    Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

65.    Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

66.    Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

67.    Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

68.    Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

**AS AND FOR A RESPONSE TO AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED "FIRST CAUSE OF ACTION VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA"**

69.    Defendants repeat and reallege each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

70.    Defendants deny the allegations contained in Paragraph "70" of the Complaint.

71.    Defendants deny the allegations contained in Paragraph "71" of the Complaint.

72.    Defendants deny the allegations contained in Paragraph "72" of the Complaint.

73.    Defendants deny the allegations set forth in Paragraph "73" of the Complaint.

74.    Defendants deny the allegations set forth in Paragraph "74" of the Complaint.

75.    Defendants deny the allegations set forth in Paragraph "75" of the Complaint.

**AS AND FOR A RESPONSE TO AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED "SECOND CAUSE OF ACTION VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW"**

76.    Defendants repeat and reallege each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

77.    Defendants deny the allegations set forth in Paragraph "77" of the Complaint.

78.    Defendants deny the allegations set forth in Paragraph "78" of the Complaint.

79.    Defendants deny the allegations set forth in Paragraph "79" of the Complaint.

**AS AND FOR A RESPONSE TO AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED "THIRD CAUSE OF ACTION VIOLATION OF THE SPREAD OF HOUSE WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR"**

80.    Defendants repeat and reallege each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

81.    Defendants deny the allegations contained in Paragraph "81" of the Complaint.

82.     Defendants deny the allegations contained in Paragraph "82" of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph "83" of the Complaint.

**AS AND FOR A RESPONSE TO AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED "FOURTH CAUSE OF ACTION VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW"**

84.     Defendants repeat and reallege each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

85.     Defendants deny the allegations contained in Paragraph "85" of the Complaint.

86.     Defendants deny the allegations set forth in Paragraph "86" of the Complaint.

**AS AND FOR A RESPONSE TO AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED "FOURTH CAUSE OF ACTION VIOLATION OF THE WAGE STATMEENT PROVISIONS OF THE NEW YORK LABOR LAW"**

87.     Defendants repeat and reallege each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

88.     Defendants deny the allegations set forth in Paragraph "88" of the Complaint.

89.     Defendants deny the allegations set forth in Paragraph "89" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED "PRAYER FOR RELIEF"**

90.     Defendants deny that Plaintiff is entitled to any type of remedy, relief, or damages as listed in the "WHEREFORE" clause of the Complaint, including in subparts (a) through (q).

**AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED "JURY DEMAND"**

91.     Defendants deny that Plaintiff is entitled to a trial by jury on all claims in the Complaint.

**STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

92.     Defendants reserve the right to plead additional, separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.  Defendants

assert the following affirmative and other defenses without assuming any burden of production of proof that Defendants would not otherwise have.

### AS FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

93.    Plaintiff's claims are barred to the extent that they have failed to state a claim upon which relief can be granted. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

94.    To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the statute of limitations period set forth in 29 U.S.C. § 255(a) and/or the NYLL, such claims of Plaintiff are barred. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

95.    To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, estoppel, and/or laches. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

96.    Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

97.    The claims set forth in Plaintiff's Complaint are barred in whole or in part to the extent that such claims have been released, waived, withdrawn, discontinued, discharged, and/or abandoned. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

## AS FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

98.     To the extent that Defendants' actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York Department of Labor, Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. §§ 258 and 259. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

## AS FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

99.     To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the NYLL and/or the FLSA, Plaintiff's claims are barred in whole or in part by the provisions of NYLL § 198 and/or the provisions of 29 U.S.C. § 260. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

## AS FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

100.    All actions of Defendants with respect to Plaintiff was taken for legitimate, good-faith business reasons and without any improper motive whatsoever. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

## AS FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

101.    All actions of Defendants with respect to Plaintiff was taken for legitimate, good-faith business reasons and without any improper motive whatsoever. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE**

102.    Damages claimed by Plaintiff in the Complaint are speculative. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE**

103.    Plaintiff was treated fairly with respect to the terms and conditions of employment. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE**

104.    Defendants assert a lack of willfulness or intent to violate the NYLL and/or the FLSA as a defense to any claim by Plaintiff for liquidated damages because Defendants, at all times, acted in good faith to comply with the NYLL and/or the FLSA and with reasonable grounds to believe that its actions did not violate the NYLL and/or the FLSA. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE**

105.    Plaintiff failed to adequately perform the functions of their jobs. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE**

105.    Plaintiff's claims are barred, in whole or in part, by documentary evidence. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE**

106.    To the extent Plaintiff lacks standing to bring any of the claims asserted in their Complaint, including but not limited to claims for violations of the NYLL § 195(1), the NYLL §

195(3), and/or the FLSA, such claims are barred. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' FIFTEENTH AFFIRMATIVE DEFENSE

107.    Plaintiff's claims are barred in whole or in part to the extent that the work Plaintiffs performed fall within exemptions, exclusions, exceptions, offsets, or credits permissible under the NYLL and/or the FLSA, including but not limited to those provided for in 29 U.S.C. §§ 207, 213, and its state law equivalents. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' SIXTEENTH AFFIRMATIVE DEFENSE

108.    To the extent that any of the activities alleged in the Complaint do not constitute compensable work under the NYLL and/or the FLSA, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' SEVENTEENTH AFFIRMATIVE DEFENSE

109.    Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 254 and/or the NYLL, as to all hours during which Plaintiff engaged in activities which were preliminary or postliminary to Plaintiff's principal activities or incidental to them. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' EIGHTEENTH AFFIRMATIVE DEFENSE

110.    To the extent Plaintiff failed to make a good faith and diligent effort to mitigate their purported damages and injuries, should any relief be awarded to Plaintiff, the amount of such

relief should be reduced. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' NINETEENTH AFFIRMATIVE DEFENSE

111.    Plaintiff is unauthorized to recover attorneys' fees, costs, and expenses. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' TWENTHIETH AFFIRMATIVE DEFENSE

112.    To the extent Defendants failed to provide Plaintiff with notices required by NYLL § 195(1) but made complete and timely payment of all wages due pursuant to the NYLL, Plaintiff is not entitled to any damages due to a failure to provide notices. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' TWENTY-FIRST AFFIRMATIVE DEFENSE

113.    Defendants have not willfully failed to pay Plaintiff wages and/or monies claimed to be due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' TWENTY-SECOND AFFIRMATIVE DEFENSE

114.    Plaintiff is not entitled to an award of prejudgment interest if they prevail on any or all of Plaintiff's claims to the extent such interest is not permitted by the applicable statute. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' TWENTY-THIRD AFFIRMATIVE DEFENSE**

115.    To the extent Defendants failed to provide Plaintiff with notices required by NYLL § 195(1) but reasonably believed in good faith that it was not required to provide Plaintiff with such notices, Plaintiff is not entitled to any damages due to a failure to provide notices. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' TWENTY-FOURTH AFFIRMATIVE DEFENSE**

116.    To the extent that discovery reveals that Plaintiff falsely reported their hours, and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to their hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' TWENTY-FIFTH AFFIRMATIVE DEFENSE**

118.    Assuming *arguendo* that Plaintiff is entitled to recover additional compensation for herself, to the extent that Defendants have not willfully or intentionally failed to pay such additional compensation, the remedies available to Plaintiff is appropriately limited thereby. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' TWENTY-SIXTH AFFIRMATIVE DEFENSE**

119.    To the extent that Defendants paid Plaintiff any and all wages sought in the Complaint, Plaintiff's related claims are barred by the doctrine of payment, partial or whole. This

defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

120.    To the extent that Defendants complied with NYLL § 652 and/or 29 U.S.C. § 206, all relevant wage orders and regulations, and paid Plaintiff at or above the applicable minimum wage for hours worked, such related claims of Plaintiff are barred. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

121.    To the extent Defendants failed to provide Plaintiff with wage statements pursuant to NYLL § 195(3) and/or the FLSA, but reasonably believed in good faith that they were not required to provide Plaintiff with such wage statements, Plaintiff is not entitled to any damages due to a failure to provide wage statements. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' TWENTY-NINTH AFFIRMATIVE DEFENSE**

122.    To the extent Defendants failed to provide Plaintiff with wage statements required by NYLL § 195(3) and/or the FLSA but made complete and timely payment of all wages due pursuant to the NYLL and/or FLSA, Plaintiff is not entitled to any damages due to a failure to provide wage statements. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**AS FOR DEFENDANTS' THIRTIETH AFFIRMATIVE DEFENSE**

123.    Plaintiff does not have any legal capacity to sue. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

## AS FOR DEFENDANTS' THIRTY-FIRST AFFIRMATIVE DEFENSE

124.    Plaintiff was not an "employee" of the Defendants as defined by the NYLL and/or the FLSA. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

## AS FOR DEFENDANTS' THIRTY-SECOND AFFIRMATIVE DEFENSE

125.    Plaintiff's damages were not proximately caused by any unlawful policy, custom, or practice, and/or procedure promulgated and/or tolerated by Defendants. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

## AS FOR DEFENDANTS' THIRTY-THIRD AFFIRMATIVE DEFENSE

126.    The Complaint fails to allege facts, in whole or in part, sufficient to allow recovery of punitive damages. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

## AS FOR DEFENDANTS' THIRTY-FOURTH AFFIRMATIVE DEFENSE

127.    Plaintiff's claims are barred to the extent they failed to meet and/or perform any prerequisites to filing the present action. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

## AS FOR DEFENDANTS' THIRTY-FIFTH AFFIRMATIVE DEFENSE

128.    Supplemental or pendent jurisdiction should not be exercised over Plaintiff's NYLL claims. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

## AS FOR DEFENDANTS' THIRTY-SIXTH AFFIRMATIVE DEFENSE

129.    To the extent that Defendants are or were neither an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA and Plaintiff was neither "engaged in

commerce or in the production of goods for commerce" under the FLSA for Defendants, Defendants are/were not obligated to pay overtime under the FLSA. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

### AS FOR DEFENDANTS' THIRTY-SEVENTH AFFIRMATIVE DEFENSE

130.    This case is not appropriate for class action certification because the named Plaintiff is not able to fairly and adequately protect the interests of all members of the collective and/or class.

### AS FOR DEFENDANTS' THIRTY-EIGTH AFFIRMATIVE DEFENSE

131.    Plaintiff does not satisfy all of the requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus, this action cannot be maintained as a collective or class action.

### AS FOR DEFENDANTS' THIRTY-NINTH AFFIRMATIVE DEFENSE

132.    This action cannot be maintained as a collective or class action to the extent that the collective members and/or class members are not so numerous that joinder is impracticable.

### AS AND FOR DEFENDANTS' FORTIETH AFFIRMATIVE DEFENSE

133.    The Complaint cannot proceed as a collective or class action to the extent that difficulties likely to be encountered render the action unmanageable.

### AS AND FOR DEFENDANTS' FORTY-FIRST AFFIRMATIVE DEFENSE

134.    Plaintiff has not shown and cannot show that class action treatment of the purpose claims in the Complaint is superior to other methods of adjudicating the controversy.

### AS AND FOR DEFENDANTS' FORTY-SECOND AFFIRMATIVE DEFENSE

135.    This action cannot be maintained as a class action to the extent that the purported claims alleged by Plaintiff are neither common to nor typical of those, if any, of the alleged collective members and/or class members

## AS AND FOR DEFENDANTS' FORTY-THIRD AFFIRMATIVE DEFENSE

136.   To the extent that the types of claims alleged by Plaintiff on behalf of collective members and/or class members are matters in which individual questions predominate, such claims are not appropriate for class treatment. This defense may be applicable to the claims of some or all of the FLSA collective members and/or class members.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorneys' fees, costs, and such other and further relief as is deemed just and proper.

Dated: Woodbury, New York
         May 20, 2025

**KAUFMAN DOLOWICH LLP**
*Attorneys for Defendant*

Aaron Solomon, Esq.
Alisha Talati, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
T: (516) 681-1100
F: (516) 681-1101
asolomon@kaufmandolowich.com
alisha.talati@kaufmandolowich.com

cc: All Counsel of Record (via ECF)